'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KRYSTLE MONIQUE EDWARDS,

        Plaintiff,

    v.

MERCEDES-BENZ USA, LLC, ET AL.,

        Defendants.

CV 21-2671-RSWL-JCx

**ORDER re: MOTION FOR SUMMARY JUDGMENT** [22] AND **REQUEST FOR JUDICIAL NOTICE** [23]

    Plaintiff Krystle Monique Edwards ("Plaintiff") brings this Action, asserting a claim for violation of express warranty under the Song-Beverly Consumer Warranty Act.  Currently before the Court is Defendant Mercedes Benz, LLC's ("Defendant") Motion for Summary Judgment and Request for Judicial Notice.  Plaintiff failed to file an opposition or an objection.  Having reviewed all papers submitted pertaining to the Motion

///

and the Request, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Defendant's Request for Judicial Notice.

## I.  BACKGROUND

### A.  Factual & Procedural Background

Plaintiff purchased a used 2017 Mercedes-Benz B250E from non-party Mercedes-Benz of Beverly Hills[1] on or about October 17, 2020.  Def.'s Stmt of Uncontroverted Facts ¶ 1, ECF No. 22-1.[2]  On February 19, 2021, Plaintiff filed a Complaint in Los Angeles Superior Court alleging that Defendant breached an express warranty on her vehicle in violation of the Song-Beverly Consumer Warranty Act.  Compl. ¶ 17-26, ECF No. 1-1.

In support of her claim, Plaintiff asserted that her vehicle required service at least twice for coolant issues, a defective cooling system, ongoing engine

---

[1] Defendant is the original manufacturer and/or distributor of Plaintiff's vehicle prior to its resale.  Def.'s Mot. for Summ. J. at 5, ECF No. 22.  Plaintiff asserts, and Defendant does not explicitly dispute, that Mercedes-Benz of Beverly Hills is an agent or employee of Defendant.  Compl. ¶¶ 5-9; See generally Answer, ECF No. 11; Def.'s Mot. for Summ. J.

[2] The Court relies on Defendant's Statement of Uncontroverted Facts [22-1] as Plaintiff has not disputed the facts stated therein.  See C.D. Cal. L.R. 56-3 ("the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent such facts are . . . controverted by [] written evidence filed in opposition to the motion."); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (A fact is considered controverted only where a "genuine" factual dispute exists.).

malfunctions, and because the vehicle shut down while driving.  Id. ¶ 21.  She claimed that these problems impaired the use and safety of her vehicle, and that her vehicle had been "out of service" for at least thirty days.  Id. ¶¶ 22, 24.  Plaintiff further alleged that Defendant willfully failed to repair the problems or promptly repurchase the vehicle.  Id. ¶¶ 23, 25-26.

Shortly after Plaintiff filed her Complaint, Defendant removed to this Court [1] and filed an Answer. On June 14, 2022, Plaintiff's counsel filed a Motion to Withdraw as Attorney [17], stating that despite multiple attempts to contact Plaintiff, they had not been in contact with her since April 11, 2022, and could no longer effectively represent her.  In response, Defendant filed a Notice of Non-Opposition [18] and on July 14, 2022, the Court granted Counsel's Motion [20]. Defendant then filed the instant Motion on July 29, 2022, as well as a Request for Judicial Notice.[3] Plaintiff has not opposed the Motion for Summary Judgment nor objected to the Request for Judicial Notice.  On August 16, 2022, Defendant filed a Notice of Non-Opposition to the Motion for Summary Judgment [24].

---

[3] Defendant requests that the Court take judicial notice of the courts' orders dismissing the claims in Fish v. Tesla, Inc., No. SACV-21-060-PSG-JDEX, 2022 WL 1552137 (C.D. Cal. May 12, 2022), and Neyra, et al. v. Mercedes-Benz USA, LLC, No. 22-CV-00950-JFW-JEM (C.D. Cal. May 24, 2022), Order Granting Mot. to Dismiss, ECF No. 32.  Since the Court does not rely on the proffered orders to resolve the present Motion, the Court DENIES Defendant's Request for Judicial Notice as moot.

1

2                          **II.   DISCUSSION**

3  **A.   Legal Standard**

4       Summary judgment is appropriate when the moving

5  party "shows that there is no genuine dispute as to any

6  material fact and the movant is entitled to judgment as

7  a matter of law."  Fed. R. Civ. P. 56(a).  A fact is

8  "material" if it might affect the outcome of the suit,

9  and the dispute is "genuine" if the evidence is such

10  that a reasonable factfinder could return a verdict for

11  the nonmoving party.  Anderson v. Liberty Lobby, 477 U.S

12  242, 248 (1986).

13       The moving party bears the initial burden of

14  proving the absence of a genuine dispute of material

15  fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323

16  (1986).  Where the nonmoving party bears the burden of

17  proof at trial, the moving party need only show "an

18  absence of evidence to support the nonmoving party's

19  case."  Id. at 325.  If the moving party meets its

20  burden, the burden then shifts to the nonmoving party to

21  present "specific facts showing that there is a genuine

22  issue for trial."  Anderson, 477 U.S at 250.  The

23  nonmoving party "must show more than the mere existence

24  of a scintilla of evidence . . . or some 'metaphysical

25  doubt' as to the material facts at issue."  In re Oracle

26  Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

27       The evidence, and all reasonable inferences based

28  on underlying facts, must be construed in the light most

                                4

favorable to the nonmoving party.  Scott v. Harris,
550 U.S. 372, 378 (2007).  In reviewing the record, the
court's function is not to weigh the evidence but only
to determine if a genuine issue of material fact exists.
Anderson, 477 U.S. at 255.  "A district court's ruling
on a motion for summary judgment may only be based on
admissible evidence."  In re Oracle Corp. Sec. Litig.,
627 F.3d at 385.  "While the evidence presented at the
summary judgment stage does not yet need to be in a form
that would be admissible at trial, the proponent must
set out facts that it will be able to prove through
admissible evidence."  Norse v. City of Santa Cruz,
629 F.3d 966, 973 (9th Cir. 2010).

**B.   <u>Discussion</u>**

Plaintiff does not oppose the present motion.  In
the absence of an opposition, the Court nevertheless
decides a motion for summary judgment on its merits.
See Cristobal v. Siegel, 26 F.3d 1488, 1494-95 (9th Cir.
1994) (holding that an unopposed motion for summary
judgment may be granted only after the court determines
there are no material issues of fact).  Defendant,
therefore, must still meet its burden of showing the
absence of a genuine issue of material fact.

Plaintiff alleges that Defendant breached an
express warranty in violation of the Song-Beverly
Consumer Warranty Act ("the Act"), Cal. Civ. Code § 1790
*et seq.*, which "provides special consumer remedies to
purchasers of new cars covered by express warranties."

5

1  *Rodriguez v. FCA US, LLC*, 292 Cal. Rptr. 3d 382, 384

2  (2022), review granted 512 P.3d 654 (Cal. 2022).

3  Plaintiff seeks remedies under section 1793.2(d)(2) of

4  the Act, also known as the "refund-or-replace"

5  provision.  Compl. ¶¶ 21-25.  This provision requires a

6  manufacturer to either replace a defective vehicle or

7  refund the consumer if, after a reasonable number of

8  attempts, the manufacturer or its representative cannot

9  repair the vehicle to conform with the applicable

10  express warranty.  Cal. Civ. Code § 1793.2(d)(2).

11  Defendant counters that Plaintiff's vehicle is not

12  protected by the Act because it does not qualify as a

13  "new motor vehicle," and cites case law interpreting the

14  Act to exclude used vehicles from coverage, even if they

15  retained some balance of the original manufacturer's

16  warranty at the time of sale.  See generally Def.'s Mot.

17  for Summ. J.

18      The Act defines "new motor vehicle" as a new

19  vehicle bought primarily for personal purposes,

20  including "other motor vehicle[s] sold with a

21  manufacturer's new car warranty."  Cal. Civ. Code

22  § 1793.22(e)(2).  In *Rodriguez*, the California Court of

23  Appeals addressed whether the phrase "other motor

24  vehicle sold with a manufacturer's new car warranty"

25  covers used vehicles sold with some balance remaining on

26  the manufacturer's express warranty.  *Rodriguez*,

27  292 Cal. Rptr. 3d at 384.  The court concluded it does

28  not and that the phrase "functions instead as a catchall

6

for sales of essentially new vehicles where the applicable warranty was issued with the sale." Id.[4] ; see also Kiluk v. Mercedes-Benz USA, LLC, 256 Cal. Rptr. 3d 484, 487 (2019) (holding that the Act applies to a used vehicle because the manufacturer issued a new warranty upon sale); Jensen v. BMW of N. Am., Inc., 41 Cal. Rptr. 2d 295 (1995), as modified on denial of reh'g (June 22, 1995) (finding that the Act applied to a used demonstrator vehicle sold with a new warranty). Thus, when a consumer purchases a used vehicle, they may only invoke the Act's protections if the manufacturer or its agent furnished a new warranty at the time of the sale.

Here, the weight of the evidence shows that Plaintiff purchased a used vehicle. The Mercedes-Benz sales file, some of which Plaintiff reviewed and signed, refers to the vehicle as "preowned" and "used." Def.'s Mot. For Summ. J., Ex. A-Sales File, ECF No. 22-6, at 24, 26, 32. Similarly, the Department of Motor Vehicles Report of Sale specifies that Plaintiff purchased a "used vehicle." Id. at 22-23. Therefore, despite any

---

[4] The California Supreme Court is currently reviewing Rodriguez, however, the Court denied requests for an order directing depublication of the opinion and commented that the case may still be cited "for its persuasive value." Rodriguez, 512 P.3d at 654. Several courts in this Circuit have since cited Rodriguez to support their reasoning. See Pineda v. Nissan N. Am., Inc., No. cv 22-239-DMG (JCX), 2022 WL 2920416 (C.D. Cal. July 25, 2022); Spindler v. Gen. Motors, LLC, No. 21-cv-09311-WHO, 2022 WL 2905232 at *5 n.3(N.D. Cal. July 21, 2022). This Court finds Rodriguez instructive in interpreting the Act and cites to Rodriguez only for its persuasive value.

7

preexisting warranty on the vehicle, Plaintiff's vehicle will only qualify as "new" under the Act if Defendant or its agent issued an express warranty[5] during the sale of the vehicle.

There is no evidence, however, that Defendant or any of its agents issued a new warranty when Plaintiff purchased her vehicle.  In fact, Mercedes-Benz of Beverly Hills explicitly disclaimed all warranties in the sales contract, stating that it "makes no warranties, express or implied, on the vehicle."  Id. at 5.  And in the absence of a written express warranty issued at the time of sale, Plaintiff's vehicle does not qualify as "new" under the Act.

In sum, it is undisputed that Plaintiff purchased a pre-owned vehicle and that neither Defendant nor its agents issued a new express warranty with the vehicle's sale.  Plaintiff's vehicle is therefore not protected by the Act and her claim fails.  Thus, there remains no genuine issue of material fact to resolve, and the Court **GRANTS** Defendant's Motion for Summary Judgment.

---

[5] Under the Act, an "express warranty" is "[a] written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance."  Cal. Civ. Code § 1791.2(a)(1).

1

2
### III.   CONCLUSION

3
Based on the foregoing, the Court **GRANTS** Defendant's

4
Motion for Summary Judgment.   The Court enters

5
judgment in favor of Defendant and against Plaintiff on

6
Plaintiff's claim for relief.

7
**IT IS SO ORDERED.**

8
DATED: October 5, 2022            */S/ RONALD S.W. LEW*

9
                                  **HONORABLE RONALD S.W. LEW**
                                  Senior U.S. District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28